UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COYOTE LOGISTICS, LLC, | ) |
| Plaintiff, | ) |
| | ) Case No. 16-cv-1816 |
| v. | ) |
| | ) Judge John W. Darrah |
| ALL WAY TRANSPORT, INC., | ) |
| Defendant. | ) |
| ──────────────── | ) |
| ALL WAY TRANSPORT, INC., | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| GN TRUCKING, LLC, | ) |
| Third-Party Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On February 1, 2016, Plaintiff Coyote Logistics, LLC ("Coyote") filed a Complaint against Defendant All Way Transport, Inc. ("All Way"). All Way then filed a Third-Party Complaint against Third-Party Defendant GN Trucking, LLC ("GN") for breach of contract and violation of the Carmack Amendment. 49 U.S.C. § 14706(b). GN subsequently filed a motion to dismiss All Way's Third-Party Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, the Motion [23] is denied.

## BACKGROUND

Coyote is a limited liability company with its principal place of business in Chicago, IL. (Compl. ¶ 1.) Coyote is a property broker licensed by the United States Department of

Transportation, Federal Motor Carrier Safety Administration to arrange for the transportation of freight by for-hire carriers in interstate or foreign commerce. (Id. ¶ 2.) All Way is a Virginia corporation with its principal place of business in Chantilly, VA. (Id. ¶ 3.) All Way is a for-hire motor carrier of property. (Id. ¶ 4.) On August 10, 2015, All Way entered into an agreement with GN. All Way alleges that pursuant to this agreement, GN agreed to provide drivers, trucks and labor to All Way in connection with its deliveries. (Dkt. 10 ¶¶ 8,9.)

On September 4, 2015, Coyote tendered a shipment of deli meats ("Shipment") to All Way for transportation from Baltimore, Maryland, to Harmony, Pennsylvania. (Compl. ¶ 7.) All Way alleges that GN agreed to transport and deliver the Shipment on behalf of All Way. (Dkt. 10 ¶ 12.) Coyote alleges that the Shipment was delivered to Harmony, Pennsylvania in "a damaged, off-temperature, and worthless condition," and that it suffered a loss of $88,777.58 because of All Way's failure to deliver the Shipment in good condition. (Compl. ¶¶ 10, 11.) On February 1, 2016, Coyote filed a Complaint against All Way. All Way then filed a Third-Party Complaint against GN for breach of contract and violation of the Carmack Amendment. 49 U.S.C. § 14706(b).

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting

each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56.

## ANALYSIS

"The Carmack Amendment generally preempts separate state-law causes of action that a shipper might pursue against a carrier for lost or damaged goods." *REI Transp., Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008). This includes state causes of action against carriers "where goods are damaged or lost in interstate commerce." *Id.* GN argues that All Way's breach of contract claim is preempted by the Carmack Amendment and should be dismissed. This argument is an overbroad statement of the preemptive sweep of the Carmack Amendment. The Carmack Amendment does not preempt all claims by a carrier against a shipper or other "person entitled to recover" for non-payment. *Id.* All Way alleges that it is a broker who arranged for transportation of the Shipment, and not a carrier. Claims for indemnity as a broker are separate and distinct claims outside the scope of the Carmack Amendment. *See Traffic Tech, Inc. v. Arts Transp., Inc.*, No. 15 C 8014, 2016 WL 1270496, at *3 (N.D. Ill. Apr. 1, 2016).

The Carmack Amendment allows the shipper who contracts to ship the goods to recover for loss against the carrier who issues the bill of lading. The shipper may also seek recovery against the delivering carrier. *See* 49 U.S.C. § 14706(a)(1). These carriers may then recover from connecting carriers. *See id.* § 14706(b). As noted by All Way, it is impossible to determine

at this early stage in these proceedings whether All Way is a broker who arranged for transportation by another carrier or whether it is a carrier who issued a bill of lading and performed the transportation of the Shipment. There is little on the record regarding the relationship between the parties, the contracts between the parties, or the issuance of the bill of lading for the Shipment. As All Way's status as a carrier or a broker is central to its claim against GN, All Way should be allowed to proceed with its claim. GN's Motion to Dismiss is denied.

## CONCLUSION

Third-Party Defendant's Motion to Dismiss [23] is denied.

Date:    December 13, 2016                  JOHN W. DARRAH
                                                              United States District Court Judge